BOARDMAN, Judge.
Appellants, Trading Post of Naples, Inc. and Bruce Wood, appeal the verdict of the jury in their action for replevin and wrongful taking. We reverse in part.
Appellee Helen Howl owned a parcel of commercial property in Naples, Florida, on which a restaurant was located. The real property and building were leased to Barbara Desrosiers. Subsequently Desrosiers arranged for all of her rights, title, and interest in the lease to be assigned to Trading Post of Naples, Inc., a corporation owned and operated by Wood. The right to $2,000 damage deposit and $2,000 prepaid rent held by Howl paid by Desrosiers was transferred to Trading Post.
After taking possession of the property Wood altered the exterior of the building, installed equipment in the restaurant, and opened a tavern-restaurant. Wood stored some of his personal belongings and equipment from another restaurant on the property. A few months after he took possession he began to fall behind in the rent. After making several telephone calls to Wood demanding payment of the rent, Howl asked her husband Raymond Schaller to investigate. Schaller found the restaurant closed and the premises in a damaged and neglected condition. A back door was open, windows were broken, and the interi- or was in a state of disarray. Schaller hired a workman, removed the contents of the building, and began to clean the interior. At this point Wood arrived with a police officer. The officer ordered both Schaller and Wood to leave the premises and either settle the matter peacefully or resolve it in a civil court. Some days later Wood went to Schaller’s residence and offered to pay the overdue rent. Schaller refused payment claiming that the lease was terminated. He also refused to return any of Wood’s personal property until the damages to the building were repaired.
Appellants subsequently brought this action against Howl and Schaller for wrongful taking, wrongful eviction, return of the security and prepaid rent deposits, and punitive damages. Appellees counterclaimed for overdue rent, unpaid taxes, unpaid insurance, and damages to their property. The court issued a pretrial writ of replevin and ordered the sheriff to take custody of the property taken from the restaurant by Schaller and return it to Wood after he posted bond. The cause proceeded to jury trial. A directed verdict in favor of appellants for wrongful taking was granted by the trial court. The jury awarded Trading Post $2500 for wrongful eviction and $2500 for wrongful taking; awarded Wood $2000 for wrongful taking; and awarded appel-lees $4500 for rent, property taxes, and insurance past due, and $2500 for damage to leased equipment. The jury found that appellants were not entitled to the return of the security deposit or prepaid rent.
Appellants argue that they are entitled to a credit for prepaid rent against any judgment for rent due. Appellees argue that appellants have no claim to the prepaid rent since it was paid by the previous lessee, Desrosiers. However, appellees’ contention fails to consider that the agreement for sale of the leasehold expressly transferred the right to the prepaid rent to appellants. As a matter of law we hold that appellants are entitled to a $2000 credit for prepaid rent against amounts owing appellees for rent, property taxes, and insurance.
Appellants argue and appellees agree that Wood was entitled to discharge of the bond posted for return of Wood’s personal property and under Section 78.18, Florida Statutes, was entitled to costs caused by the wrongful taking.
Review of the transcript of the trial, the pleadings, and other relevant documents demonstrates that there was suffi *223 cient, competent evidence to uphold the jury verdict as to the items of damage except as we have discussed. Thus, in all other respects the final judgment is affirmed.
REVERSED in part, AFFIRMED in part, and REMANDED for proceedings consistent with this opinion.
GRIMES, C. J., and HOBSON, J., concur.